IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY O. JOHNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>A. ANDERSON, II, et al.,<br><br>        Defendants. | Civil Action<br>No. 13-7066 (AET-DEA)<br><br>**OPINION** |

APPEARANCES:

Larry O. Johnson, Plaintiff Pro Se
#552746/694526C
New Jersey State Prison
Second & Cass Street, PO Box 861
Trenton, New Jersey 08625

RECEIVED

JUL 2 8 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I. INTRODUCTION**

Before the Court is Plaintiff Larry Johnson's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983 and application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff is a state prisoner currently confined at New Jersey State Prison ("NJSP"), Trenton, New Jersey. Based on the *in forma pauperis* application, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), (Docket Entry 4), and order the Clerk of the Court to file the Complaint, (Docket Entry 1). At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

On November 20, 2013, Plaintiff filed a complaint against SCO A. Anderson, II, a NJSP corrections officer, and Lisa Jantz, a NJSP courtline judge, as well as an application to proceed *in forma pauperis* ("IFP"). (Docket Entry 1). This Court administratively terminated the case on November 25, 2013 for failure to either pay the filing fee or to comply with the requirements of 28 U.S.C. § 1915 in requesting to proceed IFP. (Docket Entries 2 and 3). The Court ordered the Clerk to provide Plaintiff with a blank IFP application and gave Plaintiff 30 days to reopen the matter. (Docket Entries 2 and 3). Plaintiff submitted a new IFP application on December 6, 2013, (Docket Entry 4), and this Court ordered the Clerk to reopen the matter pending the Court's review of the application and screening of the complaint. (Docket Entry 5). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

According to Plaintiff's complaint, Officer Anderson opened Plaintiff's cell door and threatened to kill him and cover it up. (Docket Entry 1 at 6). He did not have his handcuffs or his

nightstick with him at the time he made the threats. (Docket Entry 1 at 6). He also tried to start a fight with Plaintiff, but Plaintiff refused to take part. (Docket Entry 1 at 6). Additionally, Officer Anderson took a television set that had been loaned to Plaintiff. (Docket Entry 1 at 6). Plaintiff further alleges Ms. Jantz conspired to find him guilty of an unidentified prohibited act due to her intimate relationships with the male staff. (Docket Entry 1 at 5-6). Plaintiff requests this Court to fire Defendants from their positions at NJSP and to order Plaintiff's release. (Docket Entry 1 at 7).[1]

## II. DISCUSSION

### A. Standards for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is

---

[1] A person may not obtain equitable relief under § 1983 ordering release from confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). When a person in custody is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis*.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C.  Eighth Amendment Claim

Plaintiff asserts that Defendant Sgt. Anderson threatened to kill him and cover it up, citing the fact that the nearby camera was not working. (Docket Entry 1 at 6). To the extent he is seeking to assert a claim for excessive force in violation of the Eighth Amendment, these allegations are not sufficient to state a claim.

The Supreme Court has stated, "[i]ntentional harassment of even the most hardened criminals cannot be tolerated by a civilized society." *Hudson v. Palmer*, 468 U.S. 517, 528 (1984). The Eighth Amendment protects prisoners against calculated harassment. *Id.* at 530. Generally, however, mere verbal harassment does not give rise to a constitutional violation. *See McKay v. U.S. Dep't of Justice*, 406 F. App'x 570, 570 n.1 (3d Cir. 2010); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation). Allegations that prison personnel have used threatening language and gestures also are not cognizable claims under § 1983, *Collins v. Cundy*, 603 F.2d 825 (10th Cir. 1979) (defendant laughed at prisoner and threatened to hang him); however threats "while brandishing a dangerous weapon poised for immediate use" may amount to a constitutional violation. *Douglas v. Marino*, 684 F. Supp. 395, 398 (D.N.J. 1988) (citing *Davidson v. O'Lone*, 752 F.2d 817 (3d Cir. 1984), aff'd sub nom. *Davidson v. Cannon*, 474 U.S. 344 (1986)).

Here, Officer Anderson's threat to kill Plaintiff was unaccompanied by any physical force or brandishing of a weapon.

6

Indeed, Plaintiff expressly alleges that Anderson had neither his handcuffs nor his nightstick at the time of the alleged threat. (Docket Entry 1 at 6). Plaintiff's claim therefore fails to reach the level of an Eighth Amendment violation, and shall therefore be dismissed. However, as it is possible that Plaintiff could allege facts sufficient to raise a constitutional claim, Plaintiff shall be given leave to file an amended complaint on this claim.

### D. Deprivation of Property

Plaintiff also claims Officer Anderson took his "loaner TV" in violation of the Due Process Clause of the Fourteenth Amendment. (Docket Entry 1 at 6). Presuming for screening purposes that Plaintiff had a property interest in the loaned television, the Supreme Court has held that the "unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000). Plaintiff expressly alleges that he did not use NJSP's remedy system, (Docket Entry 1 at 5), therefore his deprivation claim is legally flawed and this claim shall be dismissed with prejudice. *See Toney v. Sassaman*, 588 F. App'x 108, 110 (3d Cir. 2015); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

7

### E. Conspiracy

Plaintiff further claims Ms. Jantz conspired with Officer Anderson to convict Plaintiff of a disciplinary charge without cause, allegedly because of a sexual relationship between Jantz and other male officers. (Docket Entry 1 at 5).

"To make out a conspiracy claim under § 1983, [Plaintiff] must show that 'persons acting under color of state law conspired to deprive him of a federally protected right.' As a threshold matter, however, a § 1983 conspiracy claim only arises when there has been an actual deprivation of a right." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999)). Here, Plaintiff has not alleged any specific deprivation. *Ibid.* (citing *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990)). This claim must therefore be dismissed.

Even if Plaintiff had alleged that his due process rights were violated, however, the claim must still be dismissed. The Supreme Court held in *Heck v. Humphrey* that a district court must dismiss a § 1983 complaint if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). The Court applied *Heck* to prison disciplinary proceedings in *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding claims for

8

declaratory relief and money damages that necessarily implied the invalidity of the punishment imposed by prison disciplinary proceedings are not cognizable under § 1983).

In order to prove his conspiracy claim, Plaintiff must demonstrate that Officers Anderson and Jantz agreed to violate Plaintiff's due process rights by finding him guilty of a disciplinary charge regardless of the evidence. If Plaintiff were to succeed on that claim at trial, it would necessarily imply the invalidity of the disciplinary proceeding. Absent a showing that the charge has already been invalidated, Plaintiff's conspiracy claim must be dismissed. However, if Plaintiff is able to demonstrate the charge has already been invalidated, plaintiff may file an amended complaint on this claim as well.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Eighth Amendment and conspiracy claims are dismissed without prejudice for failure to state a claim. Plaintiff shall be granted leave to move to re-open this action and to file an amended complaint on these claims. If plaintiff chooses to file an amended complaint, it should be complete on its face because an amended complaint supersedes the initial complaint. Plaintiff's Fourteenth Amendment deprivation of property claim is dismissed with prejudice for failure to state a claim. An appropriate order follows.

Date July 28, 2015

ANNE E. THOMPSON
U.S. District Judge